# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-712-01 |
| RASHON MITCHELL | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Within a two week period of time, between September 25, 2009, and October 9, 2009, defendant Rashon Mitchell robbed five banks and attempted to rob two additional banks, all within Philadelphia. During each bank robbery and attempted robbery, Mitchell passed the victim-teller a handwritten note in which he demanded cash and threatened to shoot the teller if he or she did not immediately comply. He committed seven separate serious felony offenses -- with adequate time between each to reflect on the depravity of his actions. For these reasons, as well as for the reasons provided below, the government recommends a sentence of incarceration within the advisory guideline range of 63 to 78 months imprisonment.

I.  BACKGROUND

On November 5, 2009, a federal grand jury returned a seven-count indictment charging defendant Mitchell with five counts of bank robbery and two counts of attempt to commit bank robbery, in violation of 18 U.S.C. § 2113 (a). On March 16, 2010, the defendant appeared before the Court and entered an open guilty plea to all counts of the indictment (Counts One through Seven).

II.     SENTENCING CALCULATION

   A.   Statutory Maximum Sentence

   The maximum sentence that may be imposed on the defendant is as follows:

Counts One through Seven (bank robbery and attempted bank robbery) (for each count):  20 years imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

   The Total Maximum Sentence is 140 years imprisonment, a $1.75 million fine, 3 years of supervised release, and a $700 special assessment.[1]  Full restitution of as much as $10,534.47 for disbursement to the victim banks also shall be ordered.

   B.   Sentencing Guidelines Calculation

   The United States Probation Office correctly calculated the defendant's advisory guideline range as 63 to 78 months imprisonment.  To begin, because each count in this case represents a separate event with separate victims and harms, occurring on different occasions, not connected by a common criminal objective or plan, the counts are not grouped for purposes of guidelines calculations.  See U.S.S.G. §§ 3D1.1 and 3D1.2.  Pursuant to § 2B3.1(a) of the Sentencing Guidelines, the defendant's base offense level for each separate count is 20.  A two level increase is applicable, pursuant to § 2B3.1(b)(1), because the defendant intended to take money from a financial institution during the commission of each of the offenses.  Pursuant to

---

[1] Supervised release may be revoked if its terms and conditions are violated.  When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years per count of conviction in the case of Class C felonies.  Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

§ 2B3.1(b)(2)(F), the defendant's offense level is further increased by two levels because he used a demand note containing a threat of death during the commission or attempted commission of each of the bank robberies. An increase pursuant to U.S.S.G. § 2B3.1(b)(7) is not applicable because none of the robberies or attempted robberies resulted in an independent loss in excess of $10,000. The adjusted offense level for each of Counts One through Seven is 24. Application of a multiple count adjustment, pursuant to § 3D1.4, for seven total units results in a five level increase; therefore, the defendant's combined offense level is 29. His offense level is then reduced by three levels because he has demonstrated a recognition and affirmative acceptance of personal responsibility for the offense for which he has been convicted and timely notified authorities of his intention to enter a plea of guilty, making his total offense level 26. See U.S.S.G. § 3E1.1(a) and (b). Based on his criminal history of Category I, the defendant's advisory guideline range for imprisonment is 63 to 78 months.

III.    CONSIDERATION OF THE SECTION 3553(a) FACTORS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is one within the advisory guideline range of 63 to 78 months imprisonment.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[2]

Thus, the sentence must reflect rational and meaningful consideration of the nature and circumstances of the offense, together with the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2)(A). In this case, the defendant engaged in a series of serious and heinous acts. On seven separate occasions, the defendant preyed on innocent victim-tellers by passing the respective teller a handwritten note in which Mitchell

---

[2] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

demanded cash and threatened to shoot the teller if he or she did not immediately comply. The emotional impact Mitchell's actions have had on each of his victims is very real. He committed seven separate serious felony offenses -- with adequate time between each to reflect on the depravity of his actions; his conduct cannot be taken lightly, and society justifiably expects that individuals who commit or attempt to commit bank robberies, under the threat of violence, will be punished with significant prison time. This crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense counsels in favor of the advisory guideline sentence.

The sentence must also reflect consideration of the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The defendant is 36 years old. He is not married and has no children. He reportedly attended high school until the 11th grade, when he withdrew to enter the work force. The defendant has a sporadic work history, but appears to have substantial on-the-job training as a cook. He has one other arrest for forgery and related charges, which were all dismissed in 2001, but otherwise does not have any prior criminal convictions. The defendant admits to a long history of alcohol and substance abuse, with little apparent success in treating his addictions through inpatient or outpatient recovery programs. By all accounts, the defendant appears to have been motivated to commit the charged offenses by the need to feed a drug addiction. Once confronted by law enforcement agents, Mitchell readily admitted his criminal activity, thereby meriting the downward adjustment for acceptance of responsibility. In post-arrest statements made to the investigating agents, Mitchell said he committed the robberies to support his then several hundred dollars-per-day crack cocaine habit. Mitchell offered a similar explanation in a general letter of apology to his victims, written shortly after his arrest. In fact,

the nature, manner, and frequency of his offenses seems to corroborate these claims. To ensure that the defendant does not become a repeat offender, his substance abuse must be addressed through an intensive drug treatment program while incarcerated and on supervised release. 18 U.S.C. § 3553(a)(2)(D). Mitchell otherwise appears to be able-bodied and employable.

The sentence must also reflect consideration of the need to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). No doubt, robbery of bank personnel and other such crimes involving threats of violence must be deterred. This deterrence can be achieved through the advisory guideline sentence. The sentence must also reflect consideration of the kinds of sentence and sentencing range prescribed by the Sentencing Guidelines for the type of crime committed and the type of criminal represented by the defendant, together with the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §§ 3553(a)(4) and 3553(a)(6). Here, the recommended applicable guidelines range is 63 to 78 months.

Finally, the sentence must also reflect consideration of the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7). Pursuant to 18 U.S.C. § 3663A, and as noted above, a total of $10,534.47 in mandatory restitution is due to the victim banks in this case.[3]

---

[3] The government's change of plea memorandum provides for a maximum amount of restitution of $11,128 for disbursement to the victim banks. The total amount of restitution now due, $10,534.47, is slightly less for the following reasons. One $50 "bait" bill, included in PNC Bank's loss calculation, was recovered by law enforcement agents (after it had been discarded by Mitchell) and subsequently returned to PNC Bank personnel. As a result, the restitution due PNC Bank is now $2571 (rather than the bank's initial loss of $2621). Similarly, $543.53 in total cash, including two $50 "bait" bills, was recovered from Mitchell's person incident to his arrest. In post-arrest statements, Mitchell admitted that the $543.53 was proceeds from his robbery of Wachovia Bank earlier that day. Agents of the Federal Bureau of Investigation

IV. CONCLUSION

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence.

          Respectfully submitted,

          ZANE DAVID MEMEGER
          United States Attorney

          _____
          CHRISTINE E. SYKES
          Assistant United States Attorney

---

subsequently returned the $543.53 (including the "bait" bills) to Wachovia Bank personnel. Accordingly, the restitution now due Wachovia Bank is $143.47 (rather than Wachovia's initial loss of $687).

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum was served on the following via ECF/electronic notice and filing:

    James J. McHugh, Jr., Esquire
    Assistant Federal Defender
    The Curtis Center Building, Suite 540 West
    Independence Square West
    Philadelphia, PA  19106

    *Counsel for Defendant Rashon Mitchell*

    _____
    CHRISTINE E. SYKES
    Assistant United States Attorney

DATED:   August 3, 2010